IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 MAR 24 A 9:19

CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. GJH 16-0084 |
| | * |
| GLENN K. WILCOTT | * |
| | * |
| Defendant | * |
| | * |

\*\*\*\*\*\*\*

**PROTECTIVE ORDER GOVERNING THE DISCLOSURE
OF PERSONAL IDENTITY INFORMATION**

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable personal identity information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Crim. P. 16(d) and with the consent of the parties, **IT IS ORDERED THAT**:

(1) Production of Personal Identity Information By The United States That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, or Other Privacy Protections. The United States may produce certain individually identifiable personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure to the defendant, pursuant to defendant's discovery requests. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a. The United States shall produce these documents unredacted to the defendant. Upon producing these documents to the defendant, the United States shall designate them as "confidential" in the manner set forth in paragraph 2, below. The defendant, including defendant' counsel and their personnel, may use these documents only for purposes of the litigation, and may disclose them only consistent with the parties' signed discovery agreement.

The defendant shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been redacted. Within 90 days of the final conclusion of this litigation, defendant shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed. If any documents designated as confidential were used as defense exhibits, defense counsel shall identify these documents, which shall be maintained with government exhibits so long as those are required to be maintained.

(2) Designation of Material Subject to this Protective Order. To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, or on a CD or DVD cover or label, by using the following designation: "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."

(3) Confidential Personal Identity Information in Open Court. The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the individual's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all home addresses, phone numbers and other Personal Identity Information associated with the names of individuals have been redacted in accordance with

Rule 49.1 of the Federal Rules of Criminal Procedure and other applicable laws. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

(4) Filing of documents. The parties shall file under seal any documents or filings marked pursuant to the above paragraphs.

(5) Modification Permitted. Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(6) No Waiver. The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(7) No Ruling on Discoverability Nor Admissibility. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this 24th day of March, 2016.

_____
Honorable George J. Hazel
United States District Judge

**SO STIPULATED:**                                  Respectfully submitted,

                                                      Rod J. Rosenstein
United States Attorney

Dated: March 18, 2016                               \_\_\_/s/_____
Jennifer R. Sykes
Thomas P. Windom
Assistant United States Attorneys

Counsel for the United States


Dated: March 18, 2016                               \_\_\_/s/_____
LaKeytria Felder, Esquire
Office of The Federal Public Defender

Counsel for Glenn K. Wilcott